UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-61369-CIV-ZLOCH

JERRIE KATE FLUELLEN,

    Plaintiff,

vs.                                      **FINAL ORDER OF DISMISSAL**

LAW OFFICES OF ROBERT JAY
FENSTERSHEIB P.A., et al.,

    Defendants.
_____/

    THIS MATTER is before the Court upon Plaintiff's Motion For Leave To Proceed In Forma Pauperis (DE 2). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

    Plaintiff's Complaint (DE 1) contains a 42 U.S.C. § 1983 cause of action against a law firm and its staff that she retained to pursue a personal injury claim. Plaintiff requests the following relief in her pro se Complaint: "I want the court to have Mr. Robert Jay Fenstersheib P.A. be investigated and prosecuted and pay restitution by the Florida Bar." See DE 1, p. 5.

    Under 28 U.S.C. § 1915, "the court shall dismiss an in forma pauperis action at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The standards governing dismissals under Federal Rule of Civil Procedure 12(b)(6) apply to § 1915(e)(2)(B)(ii)." Alba v. Montford, 517 F.3d 1249,

1252 (11th Cir. 2008). In addition, pro se pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally. Id.

To establish a claim under 42 U.S.C. § 1983, a plaintiff must prove "1) a violation of a constitutional right, and 2) that the alleged violation was committed by a person acting under color of state law." Holmes v. Crosby, 418 F.3d 1256, 1258 (11th Cir. 2005). The Eleventh Circuit has employed three tests to determine whether the actions of a private entity are properly attributed to the state. Focus on the Family v. Pinellas Suncoast Transit Authority, 344 F.3d 1263, 1277 (11th Cir. 2003).

These tests include, 1) the public functions test; the state compulsion test; and 3) the nexus/joint action test. Id.

> The public function test limits state action to instances where private actors are performing functions traditionally the exclusive prerogative of the state. The state compulsion test limits state action to instances where the government has coerced or at least significantly encouraged the action alleged to violate the Constitution. The nexus/joint action test applies where the state has so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant in the enterprise.

Id. It is clear from the Complaint that Plaintiff has failed to state a claim under either of these tests. Even construing the Complaint liberally, there are no allegations that the Law Offices of Robert Jay Fensterscheib P.A. are performing functions traditionally within the exclusive prerogative of the state. There is also no allegation that the State of Florida coerced or

encouraged the law firm to act in any particular manner.  Further, there is no allegation that the state has become a "joint participant" in the activities of the law firm.  Therefore, the Court will dismiss the above-styled cause for failure to state a claim upon which relief may be granted.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion For Leave To Proceed In Forma Pauperis (DE 2) be and the same is hereby **DENIED**;

2. The above-styled cause is hereby **DISMISSED**; and

3. To the extent not otherwise disposed of herein, all pending Motions are hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 29th day of August, 2008.

WILLIAM J. ZLOCH
United States District Judge

Copy furnished:

Jerrie Kate Fluellen, pro se
20 SW 4th Ave
Dania, FL 33004